### AUERBACH et al. v. LEWKOWITZ.
### (No. 1554.)

(Court of Civil Appeals of Texas. El Paso. Jan. 17, 1924. Rehearing Denied Feb. 28, 1924.)

**Sales** &#9901;&#8212;88&mdash;**Contract construed as to price.**

Where contract for sale of candy fixed price at 75 cents per carton but stipulated that all goods were sold at seller's price quotations prevailing on date of shipments, and seller's undisputed testimony, in action for price of candy, was that on date of shipment the prevailing price was $1 per carton, an instructed verdict based on that price should have been given.

Appeal from El Paso County Court, at Law; J. M. Deaver, Judge.

Action by Leopold Auerbach and others against Louis Lewkowitz. Judgment for defendant, and plaintiffs appeal. Reversed and rendered.

Loomis & Kirkland, of El Paso, for appellants.

John T. Hill, of El Paso, for appellee.

HARPER, C. J. Appellants brought this suit against appellee for $480, alleged value of candy shipped to and accepted by the latter under contract in writing at $1 per carton. Defendant pleaded the contract which fixed 75 cents per carton, and also tender of the amount due under the contract, and that this was the fair and reasonable value of the goods received. The case was submitted to a jury upon general charge, and the verdict and judgment was for $352.80, the amount tendered, with interest from date of judgment. Appealed.

Appellants contend that under the undisputed evidence judgment should be rendered for the amount sued for, because that whilst the contract signed fixed a price of 75 cents per carton, it contained the following stipulation:

"Owing to labor conditions and general scarcity of materials all goods are sold at our price quotations prevailing on date of shipments."

That the undisputed evidence is that $1 per carton was the prevailing price quoted and mailed to defendants prior to the date of shipment.

We think this proposition is well taken. The office manager of appellants so testified, and it is undisputed, and there is no evidence that he had any interest in the result of the suit, at least such as to justify the jury in discarding his testimony.

The counter proposition is that the change of prices was conditioned upon "increase in the price of labor and material," and that there is testimony to the effect that there had been no increase in the price of either between the date of the contract and that of shipment.

The stipulation in the contract does admit of that construction, but clearly is a statement of present labor conditions and scarcity of materials, etc., at the date of the contract, and is a reservation of the right to raise the price named in the contract by subsequent quotations.

The trial court should have instructed a

verdict for plaintiff for the full amount sued for, with interest thereon from January 1, 1920, 'until paid.

Reversed and rendered.

## On Rehearing.

HIGGINS, J. The candy was sold under a written contract dated August 12, 1919. It contained these provisions:

"Important: Note conditions of sale.

"All orders placed with our representatives, are subject to the firm's acceptance. Owing to labor conditions and general scarcity of material all goods are sold at our price quotations prevailing on date of shipment and dependent upon our ability to fill. For the same reasons we cannot accept cancellation of all or part of any order, unless it reaches us 15 days prior to date of shipment. To overcome the usual accumulation of orders listed for specified future shipping dates, we reserve the right to fill and make shipment of any order 10 days prior to or after shipping date agreed upon.

"Terms.

"2% for prompt cash in 10 days from date of invoice.

"Not 30 days net. Payable in New York Exchange.

"Goods will be forwarded under insured rates only, if so instructed by purchaser.

"All goods quoted f. o. b. New York.

"Jobbers' price list No. 24, July 15, 1919. * * *

"Cartons, 24 packages, 75c per carton, 24 cartons to a case."

Below was listed the candy ordered. The candy was shipped to defendant on September 10 and 13, 1919, and invoiced at $1 per carton, aggregating the amount sued for. Defendant remitted upon the basis of 75 cents per carton less 2 per cent. for cash. Appellant declined to accept the remittance as payment in full and returned same. The contract upon its face discloses that it was based on "jobbers' price list No. 24, July 15, 1919." Appellants' jobber's price list No. 25 was subsequently published effective August 25, 1919, and therein the candy ordered by appellee was priced at $1 per carton. The facts stated above are shown by the undisputed evidence.

As we view the contract, the price quoted therein of 75 cents per carton was little more than tentative to date of shipment. If appellants, prior to shipment, had reduced their price quotation upon the candy ordered, the appellee could not have been required to pay more than the reduced price quotations. On the other hand, if appellants, prior to date of shipment in good faith, increased their price quotations and such increase was warranted by labor conditions and scarcity of material, then appellee under the express terms of the contract was bound to pay the increased price. As we view the evidence,

there is nothing to impeach the bona fides of the increase in price made subsequent to the date of the contract, nor any evidence contradicting the testimony of appellants' witnesses that the constantly increasing trend in labor and material cost rendered it necessary to promulgate the increased price list of their candies, and that subsequent to August 25th they sold all of their candies upon the basis of the prices quoted in list No. 25. The testimony of appellants' witnesses to this effect being clear, plain, unambiguous, and uncontradicted, the peremptory instruction requested by appellants should have been given.